United States District Court
Southern District of Texas

**ENTERED**
June 17, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **BRENDA JICELA ALFARO-RODRIGUEZ,** | § § § | |
| **Petitioner,** | § § § | |
| **VS.** | § § | **CIVIL ACTION NO. 5:26-CV-01063** |
| **MIGUEL VERGARA,** *et al.*, | § § § | |
| **Respondents.** | § § | |

## ORDER

Pending before the Court is Petitioner Brenda Jicela Alfaro-Rodriguez's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of her detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

Petitioner filed her Petition for Writ of Habeas Corpus on June 9, 2026. (Dkt. 1.) Petitioner is a noncitizen who has resided in the United States around 12 years. (*See id.* at 6; Dkt. 6 at 2.) Petitioner was initially apprehended by ICE in 2014, served with a Notice to Appear, and then released on her own recognizance into the United States. (Dkt. 1 at 6; Dkt. 6 at 2.) Years later, in December of 2025, Petitioner was reapprehended by immigration authorities and taken into custody while her removal proceedings remain pending. (*Id.*) Petitioner argues she is being unlawfully detained subject to mandatory detention under 8 U.S.C. § 1225(b) in violation of her Fifth Amendment rights. (Dkt. 1 at 11–12.) She asks the Court to order her immediate release or in the alternative, provide her with a bond hearing. (*Id.* at 12–13.)

1 / 4

On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at 498. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at 508.

The Court ordered Respondents to respond to Petitioner's petition on or before June 16, 2026. (Dkt. 5.) Respondents filed a timely response and Motion for Summary Judgment addressing Petitioner's claims in light of the decision in *Buenrostro-Mendez*. (Dkt. 6.) Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden*, 2026 WL 539475 (S.D. Tex. Feb. 20, 2026) and *Strunin v. Garcia*, 2026 WL 958952, at *1 (S.D. Tex. Mar. 3, 2026), in which the Court determined that the petitioner's detention by ICE violated his rights under the Due Process Clause. Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Bonilla Chicas* and in *Strunin* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue.

In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has established ties to the United States through her residency, the Due Process Clause of the Fifth Amendment guarantees

Petitioner an individualized assessment of her flight risk and dangerousness and an opportunity to respond prior to detention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 2025 WL 2937880, at *7 (W.D. Tex. Oct. 16, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem et al.*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Clemente Ceballos v. Garite,* 3:26-cv-00312-DB, at *3 n. 2 (W.D. Tex. Feb 10, 2026); *Torres v. Hermosillo*, 2026 WL 145715, *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); *Rincon v. Hyde*, 2025 WL 3122784, *2 (D. Mass. Nov. 7, 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 147, 151 (W.D.N.Y. 2025); *Rodriguez v. Bondi*, 3:26-cv-292 (W.D. Tex. Feb. 25, 2026).

Thus, the Court holds that because Petitioner's detention violates her rights under the Due Process Clause of the Fifth Amendment, she is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Motion for Summary Judgment, (Dkt. 6), is **DENIED**.

1.      Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2.      Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

3.      Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

4.      If Petitioner is redetained under 8 U.S.C. § 1225(b), all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

IT IS SO ORDERED.

SIGNED this June 17, 2026.

Diana Saldaña
United States District Judge